UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 02-4533

JAMES CRAIG WADE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-139-FO)

Submitted: November 27, 2002

Decided: January 30, 2003

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William T. Peregoy, Wilmington, North Carolina, for Appellant.
Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Christine Witcover Dean, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Craig Wade pled guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 846 (2000) (Count One), attempt to possess with intent to distribute cocaine, 21 U.S.C. § 841 (2000) (Count Two), and brandishing a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(ii) (2000) (Count Three). Wade was sentenced to 135 months imprisonment for the drug counts, and a consecutive term of eighty-four months for the § 924(c) offense. He appeals his sentence, arguing that the district court erred in finding that he obstructed the investigation of the drug offenses. *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001). We affirm.

Wade and the driver of the Toyota truck ahead of him in traffic were stopped by police after both ran a red light at high speed. The driver of the truck, Rhett Hamilton, told the police officer that Wade was chasing him to collect a drug debt and had threatened to kill him. Wade's passenger, Charles Hudson, told police that he and Hamilton had stolen cocaine from Wade and that Wade had then kidnaped him, assaulted him, and forced him at gunpoint and knife point to help locate Hamilton and the stolen drugs. He also said Wade had phoned his girlfriend after the police stopped the two vehicles and told her to get "the stuff" out of his house and yard. The police recovered 441.3 grams of cocaine from Hamilton's truck. A shotgun was found in Wade's van and a knife was found in his pocket.

In a search of Wade's residence, police discovered two firearms and drug paraphernalia. Wade's girlfriend, Katy Bell, corroborated Hudson's account of the assault and kidnaping, and confirmed that Wade had called her and told her to get rid of the cocaine in the house. She said Brian Peterson, who was later charged with Wade as a co-conspirator, came to the house and took away the cocaine she had hidden. Peterson was arrested in Rhode Island four months later. He admitted that Bell called him after Wade's arrest and that he received about eight ounces of cocaine from her. The cocaine was never recovered.

At Wade's sentencing, the district court found that, by instructing Bell to conceal or destroy the cocaine at his house, Wade had earned an adjustment under USSG § 3C1.1 for conduct that "obstructed or impeded, or attempted to obstruct or impede . . . the investigation, prosecution, or sentencing of the instant offense." Application Note 4(d) to § 3C1.1 directs that such conduct includes "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation . . . or attempting to do so . . . ." An exception is made for conduct that "occurred contemporaneously with arrest," such as "attempting to swallow or throw away a controlled substance," unless it results in a material hindrance to the investigation or prosecution of the instant offense.

Wade maintained that (1) when he called Bell, the only investigation under way involved traffic violations; (2) his action was contemporaneous with arrest and similar to swallowing or throwing away the drugs; and (3) his conduct did not materially hinder the investigation. The district court rejected these contentions, adopting the government's position that Wade acted deliberately, rather than instinctively, and with the intention of obstructing the investigation of his drug activities that he expected would follow. We find that the district court did not err in so finding. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.) (ruling based on undisputed facts is legal issue reviewed de novo), *cert. denied*, 122 S. Ct. 2610 (2002). With respect to the materiality of the eight ounces of cocaine that Wade successfully concealed, we note that the threshold for materiality is low, *United States v. Gormley*, 201 F.3d 290, 294 (4th Cir. 2000), and in any case, Wade's attempt to materially impede the investigation or prosecution of his drug offense is enough to warrant the adjustment.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*